**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 08-5086**

───────────

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

LISA TODD KINLEY,

             Defendant – Appellant.

───────────

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  William L. Osteen, Jr., District Judge.  (1:07-cr-00428-WO-16)

───────────

Submitted:  October 2, 2009         Decided:  October 22, 2009

───────────

Before MOTZ, DUNCAN, and AGEE, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Stacey D. Rubain, QUANDER & RUBAIN, P.A., Winston-Salem, North Carolina, for Appellant.  Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lisa Todd Kinley pled guilty pursuant to a plea agreement to conspiracy to manufacture and to distribute 500 grams or more of methamphetamine and possession of pseudoephedrine, knowing that it would be used to manufacture methamphetamine, in violation of 21 U.S.C. §§ 802(34)(K), 841(a)(1), (b)(1)(A), (c)(2), 846 (2006). The district court sentenced Kinley to the minimum imprisonment term required by statute, 120 months. Kinley now appeals. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court abused its discretion in sentencing Kinley to 120 months' imprisonment. We affirm.

We review Kinley's sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, ___, ___, 128 S. Ct. 586, 591, 594 (2007). The first step in this review requires us to "ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range." United States v. Osborne, 514 F.3d 377, 387 (4th Cir.) (internal quotation marks, citations and alterations omitted), cert. denied, 128 S. Ct. 2525 (2008). We then consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 128 S. Ct. at 597. When reviewing a

2

sentence on appeal, we presume that a sentence within a properly calculated Guideline range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). Further, a "statutorily required sentence . . . is per se reasonable." United States v. Farrior, 535 F.3d 210, 224 (4th Cir.), cert. denied, 129 S. Ct. 743 (2008).

Kinley was subject to a statutorily-mandated minimum prison term of ten years under 21 U.S.C. § 841(b)(1)(A). Although Kinley's initial Guidelines range had she not been subject to a mandatory minimum sentence would have been 97 to 121 months, the district court properly took the mandatory minimum term into account to determine that Kinley's Guidelines range was 120 to 121 months. The court gave the parties an opportunity to argue for an appropriate sentence in that range and heard allocution from Kinley. The 120-month prison sentence Kinley received was within the properly calculated Guidelines range and the minimum required by statute. Accordingly, we conclude that the district court did not abuse its discretion in sentencing Kinley.

As required by Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Kinley, in writing, of the right to petition the Supreme Court of the United States for further

3

review.    If Kinley requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.    Counsel's motion must state that a copy thereof was served on Kinley.    We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED